### W. J. LUKER v. STATE.

No. A-9166.   Oct. 30, 1936.
(62 Pac. [2d] 259.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, for convenience referred to as the defendant, was convicted of

an attempt to commit burglary in the second degree, and sentenced to be confined in the state penitentiary for a period of eighteen months. The record was properly saved and the defendant has appealed to this court.

This is a companion case to W. J. Luker v. State, 60 Okla. Cr. 151, 62 Pac. (2d) 255, recently decided by this court, wherein the defendant was charged with assault with intent to kill, in which the same facts as in this case are stated.

Briefly, the testimony shows that sheriff H. A. Savage, of Jackson county, received information that the B. F. Smith store in Olustee was to be burglarized on a certain night; the sheriff took a deputy and went to Olustee, and got a deputy there and the night watchman, and went to guard the building; the sheriff and Deputy Burnett went to the back of the building and got on the inside of the inclosure; J. L. Richards and O. E. Rollins located themselves in some weeds in a vacant lot across the street in front of the building. Shortly after the parties took their places, Night Watchman Richards went up the street to turn out a street light, and in a short time some parties were heard coming along the street toward the Smith building, and stepped up on the sidewalk in front of the building, and a crash of something which sounded like glass was heard by Rollins and Richards, and a flashlight was flashed in the building, and Rollins raised up to see if he could see anything, when two shots from a pistol were fired, the flash from the pistol showing it had been pointed in the direction of where Rollins was. Rollins then fired three shots from his shotgun and the parties ran off.

When the sheriff and his deputy heard the shots and came out from the rear of the building, the officers search-

ed to see if they could find the parties but could not, and then examined the front of the building and found the shots from Rollins' gun had gone through the front of the building, the owner of the building testifying there was a hole in the glass almost large enough to put his hand through. The parties in front of the building ran off and the officers could not find them in town, and the sheriff phoned his office in Altus and advised them what had happened, and told them who he thought the parties were and to look out for them. The officers went to the home of Luker, and there found the defendant and a man by the name of Victor Loftin suffering from gunshot wounds in their back and limbs. They were taken by the officers to a hospital and a doctor waited on them and described the wounds and the number of shots that were in each of the parties.

After placing the men under arrest and starting for the hospital, the officers stopped where the car of the defendant was parked, which car had a casing down, and in the car they found a pistol which upon examination showed that two shells in the pistol had been fired. There were also some tools and a bottle seen by the deputies as they went to the hospital, but, when they came back to the car, they failed to locate the bottle in the car, but later found it in a drain pipe, the contents of which were examined by a chemist, who testified it contained nitroglycerine.

The defendant admits the pistol was the one he had used at Olustee; admits being at the Smith building; but denies he attempted or intended to burglarize the building, saying he had been advised by parties that there was to be a poker game in Olustee, and the party telling him where the game was to be played described the Smith building, and also told him there was a sign on the build-

ing advertising flour, and giving him the name of the flour; and further states that the tools found in the car were bought by him to be used in repairing a car for some one a few days before the alleged burglary. The defendant says he did not fire the first shots, that they flashed the light on the Smith building for the purpose of seeing if there was any one in the building, and not with any intent of breaking into the building and burglarizing the same, and, when they did that, some one fired the shots, and he fired his pistol twice in the air, not intending to hurt any one, and he further denies they had broken any part of the glass in the building.

There is no dispute in the testimony excepting the question as to whether or not the defendant was attempting to break into the Smith building and burglarize it, as they all agree the parties were at the building, and a number of shots were fired; the only question on that is as to who fired the first shots. The defendant admits he stopped his car within a block or two of the Smith building, and that it had a flat, and after the shooting he drove from Olustee to Altus without fixing the flat. The foregoing is the substance of the testimony.

The defendant, in his petition in error, alleges seven errors were committed by the trial court; the seventh error is the only error it is deemed necessary to consider, which is as follows: "The trial court erred in overruling plaintiff in error's motion for a new trial, to which plaintiff in error excepted at the time."

The motion for a new trial covers all the errors set forth in plaintiff's petition, excepting the court erred in overruling his motion for a new trial.

The defendant, and the state, after reciting briefly the facts in this case, state they have fully discussed in

their brief in the case of W. J. Luker v. State, 60 Okla. Okla. Cr. 151, 62 Pac. (2d) 255, decided by this court on October 23, 1936, this being a companion case to 60 Okla. Cr. 151, 62 Pac. (2d) 255, supra, the testimony being the same, as both crimes are alleged to have been committed at one and the same time, it is not deemed necessary to further discuss them in this case.

There are no errors in the record entitling the defendant to a reversal. He was accorded a fair and impartial trial, and the jury was correctly advised as to the law applicable to the facts. Following the holding of the court in 60 Okla. Cr. 151, 62 Pac. (2d) 255, supra, the judgment of the trial court is affirmed.

DOYLE, J., concurs. EDWARDS, P. J., absent, not participating.